# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| ROBERTO BAEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| DR. MICHAEL ROGERS, | : | CASE NO. 5:11-CV-190-HL-MSH |
| Medical Director JAMES TAYLOR, | : | 42 U.S.C. § 1983 |
| and Lieutenant DEWAYNE HOBBS, | : | |
| | : | |
| Defendants. | : | |

## ORDER DENYING IFP AND
## RECOMMENDATION OF DISMISSAL

Plaintiff Baez, an inmate at Washington State Prison ("WSP") in Davisboro, Georgia, filed the instant action pursuant to 42 U.S.C. § 1983. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is presently pending before the Court. For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* ("IFP") is denied. Because, as discussed below, the Court is denying Plaintiff's motion to proceed IFP based upon the three strikes provision of the Prison Litigation Reform Act, the Court also recommends dismissal of Plaintiff's Complaint without prejudice.

## BACKGROUND

Plaintiff has a history of medical problems that have resulted in two surgeries. Relevant to this Complaint is Plaintiff's surgery in February 2004 to repair an inguinal hernia and nerve entrapment. (Compl. 4-5, ECF No. 1-1.) Plaintiff's doctor performed this surgery to relieve Plaintiff from future pain. (Compl. 4-5.) Additionally, after the

surgery in 2004, Plaintiff was prescribed pain medication. (Compl. 5.) Plaintiff was arrested in 2006, and was subsequently prescribed pain medication by the doctors at Jackson Diagnostic Center. (Compl. 5.)

Plaintiff continued to take these pain medications throughout his incarceration until March 9, 2011, when he was moved to Washington State Prison. On April 12, 2011, Plaintiff was examined by the medical staff at WSP who discontinued his pain medication and cholesterol medication. (Compl. 6.) Thereafter, Plaintiff repeatedly complained to the WSP medical staff of lower back pain and pain caused by his hernia and nerve entrapment. (Compl. 6-8.) On April 27, 2011, in response to Plaintiff's complaints, Defendant Rogers provided Plaintiff ibuprofen, but denied Plaintiff's request for Zantac. (Compl. 8.) Plaintiff claims that as a result of this denial of pain medications, he has been subjected to severe and continuous pain in violation of the Eight Amendment of the United States Constitution. (Compl. 1, 9-10.)

Plaintiff also brings a claim against Defendant Hobbs alleging that Defendant Hobbs would not allow Plaintiff to lie in bed during the inspection of Plaintiff's prison floor. (Compl. 7.) Plaintiff alleges that Defendant Hobbs required Plaintiff to stand up during inspection despite Plaintiff's "serious pain." (Compl. 7.) Plaintiff likewise alleges that this action by Defendant Hobbs violated the Eighth Amendment. (Compl. 9-10.)

## DISCUSSION

I.  **Motion to proceed IFP**

Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three or more complaints or appeals that have been dismissed as frivolous, malicious, or for failure to state a claim, is barred from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury." This is referred to as the "three strikes provision" of the Prison Litigation Reform Act ("PLRA"). After reviewing the filing record of Plaintiff, it appears that Plaintiff is a repeat filer in this Court. In fact, Plaintiff has over twelve previous lawsuits filed in this district and multiple lawsuits filed in other districts. In more than three of these cases, either the complaint or appeal has been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Baez v. Arbuckle*, No. 07-10617-J (11th Cir. June 19, 2007) (denying motion for reconsideration because case is frivolous); *Baez v. Arbuckle*, No. 06-16252-J (11th Cir. Apr. 16, 2007) (dismissing appeal as frivolous); *Baez v. Doe*, No. 99-15164-A (11th Cir. Mar. 27, 2000) (dismissing appeal as frivolous); *Baez v. Forrester*, No. 98-9596 (11th Cir. July 28, 1999) (dismissing appeal as frivolous); *Baez v. Grearinger*, No. 5:00-cv-23 (M.D. Ga. Mar. 21, 2000) (denying IFP and dismissing complaint as frivolous); *Baez v. Miller*, No. 1:95-cv-02043 (M.D. Ga. Sept. 19, 1995) (dismissing complaint as frivolous). Plaintiff's present action, therefore, is clearly barred from being prosecuted *in forma pauperis* pursuant to

3

the three strikes provision unless the Plaintiff is in imminent danger of serious physical injury.[1]  28 U.S.C. §1915(g).

"A prisoner alleges imminent danger of serious physical injury[] when he alleges that a total withdrawal of treatment for serious diseases . . . will cause him to suffer from severe ongoing complications, increases susceptibility to various illnesses, and a rapid deterioration of this condition."  *Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006); *see also Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  The Court looks to a Plaintiff's Complaint "as a whole" to determine whether Plaintiff has alleged imminent danger of serious physical injury.  *Brown*, 387 F.3d at 1350.  Plaintiff's Complaint as a whole shows that Plaintiff's primary concern is that he has been denied pain medication for his severe pain.  Plaintiff also briefly states that he suffers from high cholesterol, for which he has been denied medications, and that he has been denied Zantac.  In his brief in support of his motion to proceed IFP, Plaintiff argues that WSP's failure to provide Plaintiff with pain medication shows that Plaintiff is in imminent danger of serious physical injury.  (Br. in Supp. 3.)  Plaintiff contends that there are any number of potential serious injuries which he could suffer because of his pain—from quadriplegia to nervous system injuries—all of which are highly speculative and none of which Plaintiff has been diagnosed with or which the WSP medical staff has refused to treat.  (Br. in Supp. 4-6.)

---

[1] In Plaintiff's motion to proceed IFP, Plaintiff admits that he has three strikes against him but argues that he is in imminent danger of serious physical injury.  (Br. in Supp. of Mot. to Proceed IFP 2-3, ECF No. 2.)

Taken together, these contentions fail to show imminent danger of serious physical injury. Plaintiff attempts to demonstrate that he has been or will be injured by the denial of his pain medications.[2] However, instead of showing that he has suffered additional illness or infection as a result of the denial of pain medication, Plaintiff merely lists harms that can possibly occur from spinal injuries (for which Plaintiff has not been diagnosed). (Br. in Supp. 4-5.) Such contentions are insufficient to establish imminent danger of serious physical injury. *See, e.g., Skillern*, 202 F. App'x at 344 (explaining that Plaintiff failed to allege imminent danger of serious physical injury where he merely stated that "deprivation of his medication *may* result in suffering serious physical injury"). Plaintiff's contention that he has been denied pain medication, without more, does not show imminent danger of serious physical injury. *See, e.g., Wallace v. Strength*, No. CV 109-039, 2009 WL 1406396 at *2 (S.D. Ga. May 19, 2009) (mere allegation of denial of pain medication insufficient to come within the imminent danger exception). Consequently, Plaintiff's motion to proceed IFP is denied.

## II. Recommendation of Dismissal

In *Dupree v. Palmer*, 284 F.3d 1234 (2002), the Eleventh Circuit explained that an inmate must "pay the filing fee at the time he *initiates* the suit." 284 F.3d at 1236 (emphasis in original). Consequently, the court found that the proper procedure for a district court to follow when it becomes apparent that a plaintiff is not entitled to IFP

---

[2] The Court notes, as mentioned above, that Plaintiff alleges that he was later given ibuprofen as a pain medication. (Compl. 8.) This allegation belies the contention that he has been denied any pain medication.

status due to the three strikes provision is to dismiss the complaint *without prejudice*. *Id.* at 1236. Since the Court is denying Plaintiff's motion to proceed IFP based upon 28 U.S.C. § 1915(g), the three strikes provision, the Court also recommends dismissal of Plaintiff's Complaint without prejudice.

**CONCLUSION**

For the reasons described above, Plaintiff's motion to proceed IFP is denied. Additionally, the Court recommends dismissal of Plaintiff's Complaint without prejudice. Plaintiff also currently has pending a motion for preliminary injunction and temporary restraining order. (ECF No. 5.) Given the Court's recommendation of dismissal of Plaintiff's Complaint, the Court also recommends denying Plaintiff's motion for a preliminary injunction as moot.

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's motion to proceed *in forma pauperis* is **DENIED**. Furthermore, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint be **DISMISSED** without prejudice as discussed above. Finally, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be **DENIED** as moot. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT COURT within FOURTEEN (14) DAYS after being served with a copy hereof.

**SO ORDERED and RECOMMENDED** this 7th day of June, 2011.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE