# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ROBERTO BAEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL ROGERS, JAMES TAYLOR,<br>and DEWAYNE HOBBS,<br><br>　　　　Defendants. | Civil Action 5:11-CV-190 (HL) |

## ORDER

This case is before the Court on a Recommendation from United States Magistrate Judge Stephen Hyles (Doc. 6). The Magistrate Judge recommends that this case be dismissed without prejudice and that Plaintiff's Motion for Preliminary Injunction (Doc. 5) be denied as moot. The Magistrate Judge also denied Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*.

Plaintiff has filed objections (Docs. 7-8) to the Recommendation. Plaintiff contends that he should be allowed to proceed *in forma pauperis* based on the "imminent danger of serious physical injury" exception to the three strikes rule.

**A.　James Taylor and Dewayne Hobbs**

After making a *de novo* review of the Recommendation and considering Plaintiff's objections, the Court finds that Plaintiff has not shown that James Taylor and Dewayne Hobbs have done anything that placed Plaintiff in imminent danger of serious physical injury. Plaintiff does not even mention Hobbs or Taylor in his

objections. Accordingly, the Court accepts the Recommendation as to Dewayne Hobbs and Michael Taylor, and dismisses them from this action.

**B.     Michael Rogers**

The more difficult question relates to Michael Rogers, the physician who allegedly discontinued Plaintiff's medications and refused to provide Plaintiff with medical care. Plaintiff argues in his objections that Dr. Rogers' actions have placed him in imminent danger of serious physical injury.

The Eleventh Circuit addressed whether an inmate satisfies the "imminent danger" standard in Brown v. Johnson, 387 F.3d 1344 (11th Cir. 2004). "Although some of the specific physical conditions about which [the plaintiff] complains may not constitute serious injury, the issue is whether his complaint, as a whole, alleges imminent danger of serious physical injury." Id. at 1350. In making this determination, all allegations in the complaint must be assumed true and construed liberally in favor of the plaintiff. Id.

According to Plaintiff's complaint, he suffers from a number of medical conditions, including high cholesterol, high blood pressure, a peptic ulcer, an inguinal hernia, asthma, serious damage to his spinal cord at L-4 and L-5, and ilioinguinal nerve entrapment. Prior to his March 9, 2011 transfer to Washington State Prison, Plaintiff was being treated for these conditions and was receiving at least six medications. Plaintiff alleges that Dr. Rogers discontinued all of his medications and refused to provide Plaintiff with any medical care. Plaintiff states that the nerve entrapment causes excruciating pain, and if untreated, could cause loss of balance

2

or paralysis. Plaintiff claims that he asked Dr. Rogers to order an MRI with respect to the nerve entrapment condition, but Dr. Rogers refused to do so.

Construing Plaintiff's allegations liberally, as the Court is required to do at this stage, the Court concludes that the allegations against Dr. Rogers support an inference of potential imminent and serious injury. Thus, Plaintiff's request to proceed *in forma pauperis* as to Dr. Rogers is granted. However, Plaintiff must still pay the full amount of the Court's $350 filing fee, as explained later in this Order. The Recommendation to dismiss the case as to Dr. Rogers is rejected.

**C.     Service**

It is ordered that service be made on Michael Rogers, and that he file a Waiver of Reply, an answer, or such other response as may be appropriate under Federal Rule of Civil Procedure 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

**D.     Duty to Advise of Address Change**

During the pendency of this action, all parties shall at all times keep the Clerk of Court and all opposing attorneys and parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

**E. Duty to Prosecute Action**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Defendant is advised that he is expected to diligently defend all allegations made against him and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

**F. Filing and Service of Motions, Pleadings, Discovery, and Correspondence**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attack to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**G.     Discovery**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendant from whom discovery is sought by the Plaintiff. Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Federal Rule of Civil Procedure 37.

It is hereby ordered that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendant (whichever comes first) unless an extension if otherwise granted by the Court upon a showing of good cause therefore or a protective order is sought by Defendant and granted by the Court. The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel or party. Except with written permission of the Court first obtained, interrogatories may not exceed 25 to each party; requests for production of

documents under Federal Rule of Civil Procedure 34 may not exceed 10 requests to each party; and Requests for Admissions under Federal Rule of Civil Procedure 36 may not exceed 15 requests to each party. No party shall be required to respond to any requests which exceed these limitations.

**H.     Requests for Dismissal or Judgment**

Dismissal of this action or requests for judgment will not be considered by the Court absent the filing of a separate motion accompanied by a memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than 30 days after the close of discovery unless otherwise directed by the Court.

**I.     Directions to Plaintiff's Custodian**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court 20% of the preceding month's income credited to Plaintiff's account at the institution until the $350 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.

It is further ordered and directed that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350 has been collected,

notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

**J.     Plaintiff's Obligation to Pay Filing Fee**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full. Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from the Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. In addition, Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**K.     Conclusion**

The Recommendation (Doc. 6) is accepted, in part, and rejected, in part. James Taylor and Dewayne Hobbs are dismissed from this case. The case will move forward against Michael Rogers, and accordingly, the recommendation to deny the Motion for Preliminary Injunction is also rejected. Service is to be made on Michael Rogers. This case is returned to the Magistrate Judge for further proceedings.

**SO ORDERED**, this the 12th day of July, 2011.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

mbh