IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERTO BAEZ, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:11-CV-190-HL-MSH |
| | : | 42 U.S.C. § 1983 |
| DR. MICHAEL ROGERS, | : | |
| | : | |
| Defendant. | : | |

# ORDER

On September 15, 2011, Plaintiff filed a Motion to Stay to Conduct Discovery. (ECF No. 21.)  Specifically, Plaintiff is seeking to stay the Court's ruling on Defendant's Motion to Dismiss so that Plaintiff can conduct discovery in order to "present a clear picture of his complaint[.]"  (Mot. to Stay to Conduct Disc. 1.)  This motion is denied.

As was explained to Plaintiff in the Notification of Motion to Dismiss filed September 12, 2011, motions to dismiss are normally decided on briefs.  (ECF No. 17.) The Court considers only the plaintiff's complaint and any exhibits attached thereto, but generally not any additional evidence submitted by the parties.  The facts set out in Plaintiff's complaint are accepted as true, but the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  The complaint must include

sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Because the court makes its determination on a motion to dismiss based on the pleadings, discovery is not generally necessary for a court to rule on a motion to dismiss.[1] *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins."). Further, Defendant moves to dismiss claiming that: (1) "Plaintiff has abused the judicial process by failing to disclose prior lawsuits" in his Complaint; (2) "Plaintiff has failed to state a claim upon which relief can be granted; and (3) "Defendant is immune from Plaintiff's Complaint." (Def.'s Mot. to Dismiss 1.)  These are claims which "present[]purely legal question[s]; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Chudasama*, 123 F.3d at 1367. "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*

For these reasons, Plaintiff's motion to stay ruling on the motion to dismiss in order to allow Plaintiff to conduct discovery is DENIED. Plaintiff is reminded that he should respond to Defendant's Motion to Dismiss as explained in the Notification of

---

[1] The Court recognizes that there are some limited circumstances that would necessitate pre-motion to dismiss discovery, such as when a motion to dismiss is based on lack of personal jurisdiction. *See, e.g., Denney v. Nelson*, 304 F. App'x 860, 864 (11th Cir. 2009) (allowing limited discovery to determine if Plaintiff alleged actual injury); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for expamle, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made."). None of those limited circumstances are present here.

Motion to Dismiss.  In that Order, filed on September 12, 2011, Plaintiff was given thirty days from receipt of the Notification to file his response to Defendant's motion to dismiss.

SO ORDERED, this 21st day of September, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
