IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**ROBERTO BAEZ,**

      Plaintiff,

v.

**MICHAEL ROGERS,**

      Defendant.

Civil Action 5:11-CV-190 (HL)

### ORDER

This case is before the Court on Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 5). The Motions are denied.

Plaintiff has requested that the Court issue a temporary restraining order and preliminary injunction to "ensure that [Plaintiff] receives his pain medications to alleviate his actual gross average of pain and to receive proper medical care." (Doc. 5, p. 1).

In the Eleventh Circuit, there is a four-factor test for granting a preliminary injunction.

> To be entitled to injunctive relief, the moving party must establish that (1) there is a substantial likelihood that he will ultimately prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue.

Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002) (citing Suntrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001)). Injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available. Cunningham v. Adams, 808 F.2d 815, 821 (11th Cir. 1987). A temporary restraining order

or a preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983).

Plaintiff has failed to establish that the failure to obtain the specific medical treatment and pain medication he seeks will cause irreparable damage. Furthermore, Plaintiff has failed to show that there is a substantial likelihood that he will prevail on the merits. The Court will not compel the Defendant to perform an act, in this case provide more pain medication or have specific medical tests performed, simply because Plaintiff desires it.

Because Plaintiff has failed to show that irreparable injury will occur without the additional tests or treatment he has requested, nor has he shown that there is a substantial likelihood that he will prevail on the merits, he has failed to meet the test for obtaining injunctive relief.

Accordingly, Plaintiff's Motion for Preliminary Injunction and Motion for Temporary Restraining Order (Doc. 5) are denied.[1]

**SO ORDERED**, this the 9th day of March, 2012.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

---

[1] The Order on these Motions previously entered by United States Magistrate Judge Stephen Hyles has been vacated.