IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERTO BAEZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 5:11-CV-190 (HL) |
| | * | 42 U.S.C. § 1983 |
| MICHAEL ROGERS, | * | |
| | * | |
| Defendant. | * | |

## REPORT AND RECOMMENDATION

On May 18, 2011, Plaintiff filed the above styled Section 1983 action against the Defendant. On September 12, 2011, Defendant Rogers filed a Motion to Dismiss. (ECF No. 16.) Plaintiff was notified of his right to respond and filed his Response on October 5, 2011. (ECF No. 23.) Defendant Rogers thereafter filed a Reply on October 24, 2011 (ECF No. 25), and Plaintiff filed a Surreply on November 3, 2011 (ECF No. 26). For the reasons described below, Defendant's motion to dismiss should be granted.

## FACTUAL BACKGROUND

Plaintiff has a history of medical problems that have resulted in two surgeries. Relevant to this Complaint is Plaintiff's surgery in February 2004, to repair an inguinal hernia and nerve entrapment. (Compl. 4-5, ECF No. 1-1.) Plaintiff's doctor performed this surgery to relieve Plaintiff from future pain. (Compl. 4-5.) Additionally, after the second surgery in 2004, Plaintiff was prescribed pain medication. (Compl. 5.) Plaintiff was arrested in 2006, and was subsequently prescribed pain medication by the doctors at Jackson Diagnostic Center. (Compl. 5.)

Plaintiff continued to take pain medications throughout his incarceration until March 9, 2011, when he was moved to Washington State Prison ("WSP"). On April 12, 2011, Plaintiff was examined by the medical staff at WSP who discontinued his pain medication and cholesterol medication. (Compl. 6.) Thereafter, Plaintiff repeatedly complained to the WSP medical staff of lower back pain and pain caused by his hernia and nerve entrapment. (Compl. 6-8.) On April 27, 2011, in response to Plaintiff's complaints, Defendant Rogers provided Plaintiff ibuprofen, but denied Plaintiff's request for Zantac. (Compl. 8.) Plaintiff claims that as a result of this denial of pain medications, he has been subjected to severe and continuous pain in violation of the Eight Amendment of the United States Constitution and that Defendant Rogers has denied him adequate medical care. (Compl. 1, 9-10.)

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550

2

U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.    Deliberate Indifference

In his complaint, Plaintiff argues that Defendant Rogers denied him adequate medical care. (Pl.'s Compl. 9.) He further contends that Defendant's decision to stop prescribing him pain medication constitutes deliberate indifference to his "serious needs of pain medication for pain relief," in violation of the Eighth Amendment. (*Id.* at 9-10). He alleges that Defendant's alleged failure to provide medical assistance for his spinal cord injury constitutes deliberate indifference because he was placed at risk of death or brain injury. (*Id*. at 10). He further alleges that Defendant's failure to order a MRI and prescribe cholesterol medication also constitutes deliberate indifference. (*Id*. at 10-11).

Where a complaint seeks relief for the deprivation or denial of medical attention, the prisoner must allege that he has an "objectively serious medical need" and that the officials acted with deliberate indifference to that need. *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir.2003)(citations omitted). "[A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow,*

320 F.3d at 1243 (internal quotation marks and citation omitted). To demonstrate subjective deliberate indifference, the prisoner must show that the officials (1) knew of the risk of serious harm; (2) disregarded that risk; and (3) acted with more than just mere negligence. *Id.* at 1245. In other words, the prisoner must allege that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir.2000) (internal quotation marks, alterations and citations omitted).

Here, the Plaintiff has failed to sufficiently allege a serious medical need. In his pleadings, Plaintiff alleges pain in his lower back pain and pain caused by his hernia and nerve entrapment. (Compl. 4-5.) These medical conditions, however, do not rise to the level of "an objectively serious need that, left unattended, poses a substantial risk of serious harm." *See Taylor*, 221 F.3d at 1257. "[D]enial of medical treatment for superficial, nonserious physical conditions does not constitute an Eighth Amendment violation." *Hill v. Dekalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1187-88 (11th Cir. 1994).

Furthermore, Plaintiff has failed to establish that the Defendant was deliberately indifferent to his medical needs. The Eleventh Circuit Court of Appeals has held in similar cases that:

> Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference." *Hamm v. DeKalb County,* 774 F.2d 1567, 1575 (11th Cir.1985). Further, the

question of whether an inmate should have received different diagnostic tests or treatments is not an appropriate basis for Fourteenth Amendment liability. *Adams v. Poag,* 61 F.3d 1537, 1545 (11th Cir.1995).

*Woody v. Chronic*, 401 F. App'x 509, 512 (11th Cir. 2010).

In this case, Plaintiff has not explained how his condition has worsened by the delay in the treatment he seeks, nor has he shown that he suffered any permanent damage as a result of said delay.  As such, he cannot establish that Defendant was deliberately indifferent to his medical needs.  *See Woody*, 401 F. App'x at 512 ("Because [Plaintiff's] complaint is limited to the method of treatment and the delay in the delivery of that treatment, he has failed to show that [the defendants] exhibited deliberate indifference to his condition.")  For the foregoing reasons, therefore, it is found that Plaintiff's claims fail to state a claim upon which relief may be granted.

## II.   Qualified Immunity

"The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir.2009) (internal quotation marks omitted).  The first qualified immunity inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, the facts show that the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223 (2009)(based on the circumstances of the particular case, the courts are now able to decide which of the

5

two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.* If either element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity.

In this case, the Plaintiff has failed to prove that any of the rights guaranteed to him through the United States Constitution were violated by the Defendant as is required in *Saucier*. In his complaint, Plaintiff argues that Defendant Rogers denied him adequate medical care. (Pl.'s Compl. 9.) He further contends that Defendant's decision to stop prescribing him pain medication constitutes deliberate indifference to his "serious needs of pain medication for pain relief," in violation of the Eighth Amendment. (*Id.* at 9-10.) He alleges that Defendant's alleged failure to provide medical assistance for his spinal cord injury constitutes deliberate indifference because he was placed at risk of death or brain injury. (*Id*. at 10.) He further alleges that Defendant's failure to order a MRI and prescribe cholesterol medication also constitutes deliberate indifference. (*Id*. at 10-11.)

As noted above, it was found that Plaintiff's deliberate indifference claims should fail. As such, he has not established that a constitutional violation has occurred with regard to the facts alleged in the complaint. Because no constitutional right has been violated, the Defendant is entitled to qualified immunity.

6

### IV. Motion to Amend

On February 14, 2012, Plaintiff filed an Amended Complaint. (ECF No. 35.) This Court construes Plaintiff's pleading as a Motion to Amend the Complaint. Federal Rule of Civil Procedure 15 states, in relevant part, that

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
> (3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later. (emphasis added.)

In his latest pleading, Plaintiff alleges he injured his foot stepping out of a transport on February 10, 2012, because Defendant Rogers failed to provide him with a "soft shoe." (Mot. to Amend Compl. 2.) However, Plaintiff's proposed amendment, however, fails to alleges facts that arise out of the same set of facts as the those alleged in the original complaint. As such, his motion to amend is hereby DENIED.

### V. Other pending Motions

Plaintiff also has pending a Motion to Appoint an Independent Doctor (ECF No. 28) pursuant to Federal Rules of Evidence Rule 708. Since the Court recommends that the Defendant's motion for summary judgment be granted and finds that no constitutional violation occurred, the Court DENIES Plaintiff's motion to appoint an independent doctor

as moot. Furthermore, Plaintiff's Motion to Procure an Order to Prevent Present and Future Harm (ECF No. 29) is a reassertion of Plaintiff's motion for a TRO and preliminary injunction. This Court denied Plaintiff's motion for a TRO and preliminary injunction on March 9, 2012. For the same reasons contained therein, the Court recommends denying Plaintiff's Motion to Procure an Order to Prevent Present and Future Harm.

## CONCLUSION

WHEREFORE, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF No. 16) be GRANTED and Plaintiff's Motion to Procure an Order to Prevent Present and Future Harm (ECF No. 29) be DENIED. Plaintiff's motion to amend (ECF No. 35) and motion to appoint (ECF No. 28) are DENIED. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the United States District Judge within FOURTEEN (14) days after being served with a copy hereof.

SO ORDERED AND RECOMMENDED, this 3rd day of May, 2012.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE